## No. 11,940.

### MARION B. MONROE VS. HIS CREDITORS.

48   801
50   146
50   147

The Supreme Court will not disturb the verdict of a jury on a question of fact in
acquitting an insolvent debtor of fraud.  To remand the case because the ap-
pellate court might differ from the jury on a question of fact would be, as
stated in 7 An. 253, trenching too far upon the humane principle that no man
should be tried twice for the same offence.  44 An. 11.

APPEAL from the Civil District Court for the Parish of Orleans.
Rightor, J.

---

*A. B. Philips* for Petitioner.

*Merrick & Merrick* and *George C. Walshe* for Opponents, Appellants.

Argued and submitted March 12, 1896.
Opinion handed down March 23, 1896.
Rehearing refused April 20, 1896.

The opinion of the court was delivered by

MCENERY, J. Marion B. Monroe made a surrender of his effects to his creditors. His debts were large and the assets insignificant.

At a meeting of his creditors, a majority in amount and in number voted for his discharge. Several creditors filed oppositions, contesting the indebtedness of some of the creditors, and alleged that the insolvent had been guilty of fraud in not surrendering certain immovables in the name of his wife, which they alleged were community property, and that he had made false statements to his creditors in order to secure credit, particularly that he had stated to them that the property in the name of the wife was community property. The property was purchased by the wife on October 14, 1891, and in the deed it is recited that the price was paid with her separate and paraphernal funds. In the opposition of the H. Weston Lumber Company the wife was cited, and the prayer was that there be judgment against her and the insolvent, decreeing the property to belong to the husband, and that it be surrendered and sold for the benefit of the creditors. There was a trial by jury and the verdict was that insolvent had been guilty of no intention of fraud; but added, we refuse his discharge under insolvent proceedings.

On motion of the attorney for the insolvent, the latter part of the verdict was stricken from it, and the insolvent discharged.

The creditors, and not the jury, say whether or not the insolvent shall be discharged, and the refusal to grant the discharge by the jury was surplusage.

We can not disturb the judgment of the jury in acquitting the defendant of fraud. To remand the case because we might differ from the jury on a question of fact would be, as stated in case of Thompson vs. Chapman, 7 An. 258-59, trenching too much upon the humane principle that no man should be tried twice for the same offence, having been acquitted after a fair trial of the facts charged

by a jury of his country.    These views were affirmed in case of·
Burdeau vs. Creditors, 44 An.  11.   There are no errors of law
alleged in the course of the trial that would justify the setting aside·
of the verdict and the remanding of the case.

The jury returned as their verdict that the property belonged to·
the wife, and we think the verdict justified by the evidence.

Judgment affirmed.